UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-CV-20706-MOORE/TORRES

JENNY FLEITAS-PEREZ and
others similarly situated,

      Plaintiff(s),

v.

COSTA FARMS, LLC, JOSE I.
SMITH, and JOSE A. COSTA, III,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Costa Farms, LLC, Jose I. Smith, and Jose A. Costa, III, by and through their undersigned counsel, herewith file their answer and affirmative defenses to plaintiff's complaint, and state and aver the following:

## ANSWER

1. Defendants admit paragraph 3.

2. Defendants admit that plaintiff is asserting a claim under 29 USC 201 *et seq.*, but deny plaintiff's entitlement to recovery and all other material allegations set forth in paragraph 5.

3. Defendants admit to doing business in interstate commerce for purposes of 29 U.S.C. 216(b), but otherwise deny all other material allegations of paragraph 6.

4. Defendants admit to doing business in interstate commerce and employing plaintiff as a sales representative but deny all other material allegations of paragraph 7.

5. Defendants admit that plaintiff was paid a salary of $925 per week, as well as commissions when earned, but deny all other material allegations of paragraph 9.

6. Defendants admit that Costa and Smith were at all times managing members of Costa Farms but deny all other material allegations of paragraphs 12, 16 and 20.

7. Defendants are without knowledge of the material allegations of paragraphs 1, 2, 14, 18 and 22, and therefore deny same.

8. Defendants deny all other paragraphs and material allegations of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff qualifies for the Administrative exemption within the meaning of the Fair Labor Standards Act.

### Second Affirmative Defense

Plaintiff qualifies for the Agricultural exemption within the meaning of the Fair Labor Standards Act.

### Third Affirmative Defense

Defendants' actions taken in connection with plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor; therefore, liquidated damages are not warranted.

### Fourth Affirmative Defense

If it is established plaintiff was not an exempt employee for any portion of her employment with defendants (which is denied), to the extent that some overtime may have been worked for which plaintiff did not receive compensation (which is denied), plaintiff's claims should be denied based upon the application of the "de minimus rule." The amounts are insubstantial, insignificant or, as a practical administrative matter, could not have been precisely recorded, so that plaintiff is precluded from recovering as to such time.

### Fifth Affirmative Defense

Plaintiff's salary and commissions were understood to be her compensation for all hours worked for each week. If plaintiff now claims that the amount paid to her as salary was for a specified limited number of hours, then plaintiff was not entitled to compensation for all those days and/or hours that she missed work. Defendants seek a setoff and/or recoupment accordingly.

### Sixth Affirmative Defense

If plaintiff denies her salary was understood to be her compensation for all hours worked for each work week, and if it is established that plaintiff was not an exempt employee for any portion of his employment with defendants (which is denied), to the extent that some overtime may have been worked, plaintiff is entitled to recover, if anything, only her half-time rate of pay for any such overtime hours.

### Reservation of Rights

Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

### Attorneys' Fees

Defendants have retained the law firm of John D. Kallen, P.A., and have agreed to pay it a reasonable fee for its services. Pursuant to U.S.C. § 1927 and otherwise, defendants are entitled to recover their attorneys' fees and costs incurred in this action.

s/ **John D. Kallen**
John D. Kallen, FBN 277428
E-mail: jdklaw1@aol.com
JOHN D. KALLEN, P.A.
17071 West Dixie Highway
No. Miami Beach, Florida 33160
Tel: 305-956-5775
Fax: 305-944-8780
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 13, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Anthony M. Georges-Pierre, Esq.**, Remer & Georges-Pierre, PLLC, *Attorneys for Plaintiffs,* 11900 Biscayne Boulevard, Suite 288, Miami, FL 33181.

s/ ***John D. Kallen***

C:\WP\12\106\ANS.wpd